| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter  11 |

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  BLUE DUCK ENERGY MVR LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  87-4516656

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| c/o Jason Rae, CRO<br>Lain, Faulkner & Co., P.C.<br>400 N. St. Paul St., Ste. 600<br>Dallas, TX 75201 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Dallas | **Location of principal assets, if different from principal place of business** |
| County | Roberts County   TX |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)  _____

**6. Type of debtor**
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:  _____

Debtor  BLUE DUCK ENERGY MVR LLC _____  Case number (*if known*) _____
   Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   2111

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

Debtor  BLUE DUCK ENERGY MVR LLC                                  Case number (*if known*)
        Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor       BLUE DUCK ENERGY, LTD.                         Relationship         Member
District     Northern District of Texas Amarillo Division   When  8/14/24        Case number, if known  24-20224

**11. Why is the case filed in *this district?***

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
                                      Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency
         Contact name
         Phone

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49                ☐ 1,000-5,000           ☐ 25,001-50,000
☐ 50-99               ☐ 5001-10,000           ☐ 50,001-100,000
☐ 100-199             ☐ 10,001-25,000         ☐ More than100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000             ■ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000       ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000      ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million    ☐ $100,000,001 - $500 million    ☐ More than $50 billion

Debtor   BLUE DUCK ENERGY MVR LLC                                                     Case number (*if known*)
         Name

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| | | |
|---|---|---|
| Debtor | BLUE DUCK ENERGY MVR LLC | Case number (*if known*) |
| | Name | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2025
MM / DD / YYYY

**X** /s/ Jason A. Rae                                                                 Jason A. Rae
Signature of authorized representative of debtor                        Printed name

Title   Chief Restructuring Officer

**18. Signature of attorney**

**X** /s/ Thomas D. Berghman                                          Date June 2, 2025
Signature of attorney for debtor                                                 MM / DD / YYYY

Thomas D. Berghman 24082683
Printed name

Munsch Hardt Kopf & Harr, P.C.
Firm name

500 N. Akard St., Ste. 4000
Dallas, TX 75201
Number, Street, City, State & ZIP Code

Contact phone  214-855-7500          Email address  tberghman@munsch.com

24082683 TX
Bar number and State

# WRITTEN CONSENT

# OF

# THE SOLE MEMBER AND MANAGER

# OF

# BLUE DUCK ENERGY MVR, LLC

THIS WRITTEN CONSENT OF THE SOLE MEMBER AND MANAGER OF BLUE DUCK ENERGY MVR, LLC (this "Consent") is executed as of June 2, 2025 (the "Effective Date") by the undersigned sole member and manager (the "Managing Member") of Blue Duck Energy MVR, LLC, a Texas limited liability company (the "Company"). Capitalized terms used but not defined herein shall have the respective meanings assigned to them in that certain Company Agreement of the Company dated as of December 28, 2021 and amended as of December 27, 2024 (the "Company Agreement").

## BACKGROUND:

A.  The Company is governed by the Company Agreement.

B.  The undersigned Managing Member holds the voting power of the "Required Members" (as defined in the Company Agreement).

C.  The Managing Member intends to cause the Company to file a voluntary chapter 11 petition under the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

D.  The Managing Member intends to cause the Company to retain the law firm of Munsch Hardt Kopf & Harr P.C. ("MHKH") as its chapter 11 bankruptcy counsel and to provide MHKH a retainer in the amount of up to $75,000.00.

E.  The Managing Member intends to cause the Company to retain the firm of Lain Faulkner & Co. P.C. ("Lain Faulkner") as its financial advisor in connection with its chapter 11 bankruptcy case and to provide Lain Faulkner a retainer in the amount of up to $75,000.00.

F.  Pursuant to art. IV.9 of the Company Agreement, the Managing Member intends to appoint Jason Rae as its Chief Restructuring Officer ("CRO") and to vest in the CRO all of the Managing Member's authority to operate and control the Company.

## RESOLUTIONS:

NOW, THEREFORE, BE IT RESOLVED that the Managing Member does hereby authorize and approve: (a) the filing of a chapter 11 bankruptcy petition on behalf of the Company; (b) the retention of MHKH as the Company's bankruptcy counsel and the payment of up to a $75,000.00 retainer; (c) the retention of Lain Faulkner as the Company's financial advisor and the payment of up to a $75,000.00 retainer; and (d) the appointment of Jason Rae as CRO.

1

BE IT RESOLVED FURTHER that Jason Rae is appointed as the Company's CRO, and the Managing Member hereby delegates all its rights and powers under the Company Agreement, as the sole Member, Manager, and Board member of the Company, to the CRO. The CRO is authorized and directed to execute a chapter 11 bankruptcy petition on behalf of the Company, to appear in all bankruptcy and related proceedings on behalf of the Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy case.

BE IT RESOLVED FURTHER that the CRO is authorized to retain MHKH as the Company's legal counsel, to pay MHKH a retainer in the amount of up to $75,000.00, and to otherwise pay future amounts to MHKH as incurred and invoiced or otherwise ordered by the bankruptcy court. Any prior retainer payments are hereby ratified. MHKH shall take direction solely from the CRO in connection with its engagement as the Company's legal counsel.

BE IT RESOLVED FURTHER that the CRO is authorized to retain Lain Faulkner as the Company's financial advisor, to pay Lain Faulkner a retainer in the amount of up to $75,000.00, and to otherwise pay future amounts to Lain Faulkner as incurred and invoiced or otherwise ordered by the bankruptcy court. Any prior retainer payments are hereby ratified. Lain Faulkner shall take direction solely from the CRO in connection with its engagement as the Company's financial advisor.

BE IT RESOLVED FURTHER the CRO be and hereby is authorized and directed to take any and all actions necessary to complete the transactions contemplated by the resolutions set forth in this written consent, including to take all such further action and to cause to be prepared, negotiate and execute and deliver all such further agreements, certificates, instruments and documents, in the name and on behalf of the Company as needed, in the sole opinion of the CRO, to complete the transactions authorized by this written consent; to pay or cause to be paid all fees and expenses of the Company with respect to the transactions authorized by this written consent; to take all such other actions as the CRO shall deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions.

BE IT RESOLVED FURTHER, that the execution of any contract, agreement, document, certificate or other writing by the CRO shall conclusively evidence the CRO's authority to execute such document, the approval of such contract, agreement, document, certificate or other writing by the Managers and Members of the Company, and the approval by the Managers and Members of all actions, terms, conditions or requirements as are set forth in such contract, agreement, document, certificate or other writing.

[SIGNATURE PAGE FOLLOWS]

2

4928-1304-5577v.1

Docusign Envelope ID: FE2S067B-0CE8-41B3-A382-AACBE4DCG0B1

IN WITNESS WHEREOF, the undersigned Managing Member hereby executes this Written Consent to be effective as of the Effective Date.

**MANAGING MEMBER**:

BLUE DUCK ENERGY, LTD.

By: _JASON RAE_
Name: Jason Rae
Title: Chapter 11 Trustee

3

4928-1304-5577v.1